By the Court. —Ingraham, J.
The court below found, as matter of fact, that plaintiff' Callanan is the owner; and that the plaintiffs as copartners are the lessees of the premises No. 41 Vesey street, and that plaintiffs and their predecessors in business have carried on business as wholesale and retail grocers, at such place, for upwards of forty yearsthat defendant has constructed and maintained, during a considerable portion of the business hours of each day, in front of the building occupied by him, Nos. 35 and 37 Vesey street, a plankway or bridge, one end resting on the stoop of the building occupied by defendant, and the other .end resting on a wooden horse or rest in the roadway of Vesey street, thus forming a continuous bridge from said stoop to the roadway of the street, over and across the sidewalk; that said bridge forms an obstruction to the sidewalk of said Vesey street, during a greater part of every business day; that said obstruction is a special injury and damage to the plaintiffs, and that they have lost custom by reason of its *121 maintenance ; that the injury to the plaintiffs caused thereby is great and cannot be adequately compensated for in money, and is incapable of exact measurement in damages, and that plaintiffs have no adequate remedy at law therefor ; and as conclusion of law, that plaintiffs are entitled to an injunction enjoining the defendant from ■obstructing the sidewalk by such plankway or bridge.
The evidence of the special damage is slight, but after a careful examination of the case, we think there is sufficient to sustain the findings.
In Milhau v. Sharp (27 N. Y. 625), the court of appeals said : “ It is insisted by defendants5 counsel that the findings of the judge at special term show that the injury complained of was a public and not a private nuisance, and that consequently a private action to prevent or restrain it could not be maintained. It is not an available objection, to actions of this nature, that the wrong complained of constitutes a public nuisance, provided the plaintiffs are subjected by it to any special injury not common to the public or to large classes of people,55 and cites with approval from 2 Story’s Equity, § 925: “ There must be such an injury as from its nature is not susceptible of being adequately compensated by damages at law, or such as from its continuance or permanent mischief, must occasion a constantly recurring grievance which cannot be otherwise prevented but by injunction.55
Under this rule, the judgment was the necessary result of the findings of fact, and as the findings of fact cannot be disturbed, the plaintiff was entitled to the judgment, and the judgment appealed from must be affirmed, with costs.
The defendant also seeks to review an order of the special term made on the 15th day of October, 1881, denying the motion of the defendant to amend the answer. The motion was made and the order sought to be reviewed was entered after the decision of the judge, before whom the action was tried, was filed. Uo separate appeal *122 to the general term from this order is taken, and the order was not one which can be reviewed under section 1316 of the Code, on the appeal taken from a final judgment. The motion was one addressed to the discretion of the court, and did not affect the final judgment.
We think, however, that the motion was unnecessary. On the trial of the action, it was not claimed by plaintiffs that the denial in the answer was insufficient. The plaintiffs undertook the burden of proving the obstruction in the street and the special damage. The court received the evidence offered by the defendant to overcome plaintiffs’ evidence to sustain such allegations.
Under such circumstances, we think that neither of the parties could claim that the answer was insufficient, but as before stated, the order is not before us for review.
The judgment should be affirmed, with costs.
Sedgwick, Oh. J., concurred.